SMITH *et al.*, Respondents, v. MONTREIL *et al.*, Appellants.

1. In the case of an appeal from a justice's court to the St. Louis land court, the appellants (the defendants) instead of naming in the recognizance each of the plaintiffs, simply acknowledged therein an indebtedness " to Maria Smith and others, the plaintiffs in this suit." One of the clauses of the condition of the recognizance was the following : " Or if, on the trial anew in the land court [the proper appellate court] or the law commissioner's court, judgment be given against the appellants and they shall satisfy such judgment." *Held*, that the recognizance was sufficient.

### Appeal from St. Louis Land Court.

The following is the recognizance mentioned below in the opinion of the court : " We, the undersigned, Louis Montreil, as principal, and Antoine Fortay, Antoine Pelcher, Joseph ———, acknowledge ourselves indebted to Maria Smith and others, the plaintiffs in this suit, in the sum of one hundred dollars, to be void upon condition : Whereas Louis Montreil and Louis Lauvalette have appealed from the judgment [of] Silas W. Barnett, a justice of the peace within and for St. Louis county, in an action between Maria Smith *et al.*, plaintiffs, and Louis Montreil *et al.*, defendants : Now, if on said appeal the judgment of the justice is affirmed, or if, on the trial anew in the land. court or the law commissioner's court, judgment be given against the appellants

and they shall satisfy such judgment, or if this appeal shall be dismissed and they shall pay the judgment of the justice together with the costs of the appeal, the recognizance shall be void. [Signed]," &c.

*Cline & Jamison*, for appellants.

I. The court erred in dismissing the appeal. The recognizance was substantially as required by law. It was not necessary that it should pursue the exact language of the law. (R. C. 1855, p. 972; Strange v. Ellis, 1 Mo. 291.)

*S. H. Gardner*, for respondents.

I. There is nothing showing that there is in existence any such bond as that copied in the record.

II. If such a bond was actually in existence, it was defective in this, that it did not set forth the names of the obligees as required by statute. (See R. C. 1855, p. 972, § 3.) It was defective also in containing the words " in the land court or the law commissioner's court." Only one court had jurisdiction.

RICHARDSON, Judge, delivered the opinion of the court.

Maria Smith and twelve others, as plaintiffs, commenced a joint action for injuries to real property against the defendants before a justice of the peace. The plaintiffs recovered a judgment, from which the defendants prayed an appeal and entered into a recognizance, which in all respects followed the form prescribed by the statute, except that it is made payable " to Maria Smith and others, plaintiffs in this suit," instead of naming each of the plaintiffs; and in the condition it is written, " if, on the trial anew in the land court or the law commissioner's court," instead of saying, " if, on the trial anew in the appellate court." The land court dismissed the appeal because the recognizance was insufficient.

There is no uncertainty as to who are the payees in the recognizance, and there could be no difficulty in declaring

on it if there was a breach of any of its conditions; and as the appeal could only be taken to the land court, the words " or the law commissioner's court" may be rejected as surplusage. In our opinion the recognizance is sufficient and the motion to dismiss the appeal was improperly sustained. The judgment will be reversed and the cause remanded, and the land court is directed to reinstate the appeal. The other judges concur.